O

# United States District Court
# Central District of California

ABESHEK ABESHEK,

    Petitioner,

    v.

U.S. DEPARTMENT OF HOMELAND SECURITY ET AL.,

    Respondents[1].

Case No. 2:20-cv-00185-ODW (JDEx)

**ORDER GRANTING MOTION FOR EMERGENCY STAY OF REMOVAL [1]**

## I. INTRODUCTION

On January 7, 2020, Abeshek Abeshek ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) Petitioner, a citizen of India who is currently detained by U.S. Immigration

---

[1] Petitioner names the following as "Respondents": U.S. DEPARTMENT OF HOMELAND SECURITY; CUSTOMS AND BORDER PROTECTION; CITIZENSHIP AND IMMIGRATION SERVICES; IMMIGRATION AND CUSTOMS ENFORCEMENT; DEPARTMENT OF JUSTICE; WILLIAM P. BARR, Attorney General of the United States; CHAD F. WOLF, Acting Secretary of U.S. DHS, and Commissioner of U.S. CBP; KENNETH T. CUCCINELLI, Director of U.S. CIS (still listed on U.S. CIS website as Director); CARLA L. PROVOST, Chief, U.S. CBP; DAVID M. RADEL, Director, Los Angeles Asylum Office, U.S. CIS; DONNA P. CAMPAGNOLO, District Director, Los Angeles District Office, U.S. CIS; LORY C. TORRES, Field Office Director, Los Angeles Field Office, U.S. CIS; IRENE MARTIN, Field Office Director, San Bernardino Field Office, U.S. CIS; TIMOTHY S. ROBBINS, Field Office Director, Los Angeles Field Office, U.S. ICE; TERRY NELSON, Assistant Field Office Director (Detention), Los Angles Field Office, US ICE; JAMES JANECKA, Warden, Adelanto Detention Center, GEO Group.

and Customs Enforcement ("ICE") at the Adelanto Detention Center, challenges the procedures that led to the issuance of an expedited removal order against him and his continued detention. (Pet. 2.) Petitioner alleges that the Asylum Officer's interview with Petitioner was "befuddled and confusing, and lacking all detail," such that it "defeated the intended purpose of the interview, which is to 'elicit all relevant and useful information bearing on whether the applicant has a credible fear of persecution or torture,' in violation of 8 C.F.R. § 208.30(d)." (Pet. 13.) Petitioner alleges he was denied the right to present other evidence as well, in violation of 8 C.F.R. § 208.30(d)(4). (Pet. 13.)

Through his petition, Petitioner moves for an emergency order staying all deportation and removal actions against him and preventing his transfer from the jurisdiction of this court. (Pet. 5.)

Petitioner's Motion for Emergency Stay is **GRANTED**. *See Thuraissiginam v. Dept. of Homeland Sec.*, 917 F.3d 1097 (9th Cir. 2019). In light of the immediacy of irreparable harm to Petitioner pending the Court's review of the case's merits, Petitioner's removal or transfer from this judicial district is temporarily **STAYED**. The Court expresses no views at this time as to the merits of Petitioner's habeas petition or request for stay.

By no later than **January 17, 2020**, Respondents are **ORDERED** to file a Response to Petitioner's motion for an emergency stay. The Emergency Stay will remain in effect until the Court issues a ruling on the matter.

**IT IS SO ORDERED.**

January 9, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**